IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

IN RE: Jeffery Q. Thomas     Chapter 13 Case No. 05-32199
Debtor(s)

**PURSUANT TO LBR 9007-1, THIS MOTION WILL BE TAKEN UNDER ADVISEMENT BY THE COURT AND MAY BE GRANTED UNLESS A PARTY IN INTEREST FILES A RESPONSE WITHIN 20 DAYS OF SERVICE. RESPONSES MUST BE FILED AND SERVED UPON THE MOVING PARTY WITHIN 20 DAYS OF SERVICE. RESPONSES MUST BE FILED WITH THE CLERK AND SERVED UPON THE MOVING PARTY. RESPONSES MUST BE FILED ELECTRONICALLY WITH THE CLERK OR BY U.S. MAIL ADDRESSED TO THE CLERK, U.S. BANKRUPTCY COURT, ONE CHURCH STREET, MONTGOMERY, ALABAMA 36104.**

## MOTION TO AMEND
## CHAPTER 13 PLAN AND SCHEDULES POST-CONFIRMATION

COMES NOW, Jeffery Q. Thomas, Debtor(s), in the above referenced bankruptcy and hereby moves this Honorable Court to amend the Chapter 13 plan and schedules in reference to this case as follows:

2. The Debtor request to Modify **Chapter 13 Plan** to make provisions to add the arrearage for Americredit for the 2002 Chevrolet Cavalier in the amount of $260.00, with the SMP of $130.00 monthly. All other provisions remain the same.

WHEREFORE, THESE PREMISES CONSIDERED, the debtors request this Honorable Court to amend the plan and schedules as stated above.

Respectfully submitted this the 11 February 2010

/s/ Richard D. Shinbaum
Richard D. Shinbaum
Attorney for the Debtor
SHINBAUM, MCLEOD, & CAMPBELL
Post Office Box 201
Montgomery, Alabama 36101
(334) 269-4440

## CERTIFICATE OF SERVICE

    I hereby certify that I have served a copy of the above foregoing Motion and Plan and schedules on all parties listed below by electronic mail or regular postal mail on this day: 11 February 2010

Hon. Curtis C. Reding
Chapter 13 Trustee
P.O. Box 173
Montgomery, AL 36101

AmeriCredit
P. O Box 183853
Arlington, TX. 76096

                                            /s/ Richard D. Shinbaum
                                            Richard D. Shinbaum

# UNITED STATES BANKRUPTCY COURT FOR THE
# MIDDLE DISTRICT OF ALABAMA

IN RE:  
Jeffery Thomas  
Debtor(s)

CASE NO. 05-32199

## CHAPTER 13 PLAN

**CREDITOR'S RIGHTS WILL BE AFFECTED BY THIS PLAN.** You should read this and other documents sent to you carefully and discuss them with your attorney.

**TO FILE AN OBJECTION TO CONFIRMATION.** Objections to Confirmation must be filed not later than seven (7) days prior to the date fixed for the Confirmation hearing. See LBR 3015-2, which can be found at www.almb.uscourts.gov/lrules/index.htm, and must state with particularity the grounds for the objection.

**PROOFS OF CLAIM.** Creditors must file a proof of claim to be paid. Confirmation of this plan does not bar the debtor, Trustee or a party in interest from objecting to a claim.

### 1. PAYMENT AND LENGTH OF PLAN

Debtor(s) shall pay **$228.00 Monthly** to the Chapter 13 Trustee starting for ___55_____ months.

### 2. ATTORNEY'S FEES FOR DEBTOR(S)' BANKRUPTCY COUNSEL

The following attorney's fees shall be paid through the debtor's plan payments:  
Total attorney fee $1600.00  
Amount paid by the debtor prior to filing directly to attorney $64.00 per month 1 - month 25  
Net Attorney fee being paid through the chapter 13 plan disbursements $1600.00

### 3. SECURED CLAIMS PAID THROUGH THE PLAN

The Debtor proposes that the Trustee make adequate protection payments prior to the confirmation of this Plan, pursuant to § 1326(a)(1) to the following creditors indicated below holding a purchase money security interest in personal property. Only those creditors entitled to §1326(a)(1) adequate protection payments will receive pre-confirmation payments through the debtor's payments to the Trustee. The Trustee shall commence making such payments to creditors holding allowed claims secured by an interest in personal property consistent with the Trustee's distribution process and only after the timely filing of a proof of claim by such creditor. The Trustee shall receive the percentage fee fixed under 28 U.S.C. § 586(e) on all adequate protection payments. Pre-confirmation adequate protection payments shall be applied to the principal of the creditor's claim. Upon confirmation of this plan all secured creditors will receive adequate protection payments as set out below along with the payment of the debtor's attorney's fees. At such time as the debtor's attorney's fees have been paid in full, the creditor's claim shall be paid its specified monthly plan payments on the terms and conditions listed below as required under §1325(a)(5).

| CREDITOR | COLLATERAL DESCRIPTION | 910/365 CLAIM? YES/NO | AMOUNT OF DEBT | COLLATERAL VALUE | INTEREST RATE | §1326 PMSI ADEQ PROT? YES/NO | AP PAY | SMP |
|---|---|---|---|---|---|---|---|---|
| AmeriCredit | 2002 Cheverolet Chavalier LS | | $260.00 | $7142.00 | 4.75 | | | $130.00 |

Copyright (c) 1996 - Best Case Solutions, Inc. - Evanston, IL - 1-800-492-8037

Best Case Bankruptcy

## 4. SURRENDERED PROPERTY

Debtor surrenders the following collateral. Upon confirmation, the automatic stay (including the co-debtor stay) is lifted as to surrendered collateral. Any claim submitted by such creditor will receive no distribution under this Plan until an amended proof of claim is filed by such creditor, reflecting any deficiency balance remaining following surrender.

| CREDITOR | COLLATERAL DESCRIPTION | AMOUNT OF DEBT | VALUE OF COLLATERAL |
|---|---|---|---|
|  |  |  |  |

## 5. CURING DEFAULTS

Pursuant to §1322(b)(5) the debtor shall cure defaults with respect to the following creditors:

| CREDITOR | COLLATERAL DESCRIPTION | AMOUNT OF ARRERAGE | INTEREST RATE | SPECIFIED MONTHLY PAYMENT AMOUNT |
|---|---|---|---|---|
|  |  |  |  |  |

Trustee shall pay the allowed claims for arrearages at 100% through this Plan. The amount of default to be cured under this provision shall be the amount of the allowed claim filed by the creditor. The "amount of arrearage" listed herein is an estimate, and in no way shall this estimate limit what the Trustee shall distribute to said creditor under this plan to cure the default.

## 6. DIRECT PAYMENTS

The following secured creditors or holders of long-term debt will be paid directly by the debtor to the creditor. The debtor shall make all §1326 pre-confirmation adequate protection payments directly to the following creditors pursuant to the terms of the contract with the creditor. The debtor shall continue to make all payments to the creditor directly pursuant to the terms of the contract following the confirmation of the debtor's plan.

| CREDITOR | COLLATERAL DESCRIPTION | DIRECT PAYMENT AMOUNT |
|---|---|---|
| Max Federal Credit Union | 1996 Ford Explorer | $110.00 |
| Americredit | 2002 Chevrolet Cavalier LS | $260.00 |

## 7. DOMESTIC SUPPORT OBLIGATIONS

The Debtor proposes that following prepetition Domestic Support Obligation arrearage claims shall be paid in full through this plan pursuant to §507(a)(1) unless the claimant agrees to some other treatment or the Court orders otherwise:

| CREDITOR | TOTAL ARREARAGE | SPECIFIED MONTHLY PAYMENT AMOUNT |
|---|---|---|
|  |  |  |

The Debtor shall directly pay all ongoing Domestic Support Obligations that become due after filing of the petition.

## 8. PRIORITY CLAIMS (EXCLUDING DOMESTIC SUPPORT OBLIGATIONS)

The Debtor will pay all priority claims pursuant to § 507 unless claimant expressly agrees otherwise including the following:

| CLAIMANT | TYPE OF PRIORITY | SCHEDULED AMOUNT | SPECIFIED MONTHLY PAYMENT AMOUNT |
|---|---|---|---|
| Internal Revenue Service |  | $2,950.00 | $62.58 |

## 9. EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Executory contracts and/or leases receive the following designated treatment. For all executory contracts or unexpired leases being assumed by the debtor pursuant to this plan, the debtor shall make all pre-confirmation §1326 adequate protection payments directly to the Lessors pursuant to the terms of the contract. For all contracts assumed, the debtor shall continue to make all payments directly to the creditor pursuant to the terms of the contract following the confirmation of the debtor's plan.

| CREDITOR | COLLATERAL DESCRIPTION | REJECT | ASSUME |
|---|---|---|---|
| | | | |
| | | | |

## 10. SPECIALLY CLASSIFIED UNSECURED CLAIMS

The following claims shall be paid as specially classified unsecured claims and shall receive the following designated treatment:

| CREDITOR | AMOUNT OF DEBT TO BE SPECIALLY CLASSIFIED | INTEREST RATE | SPECIFIED MONTHLY PAYMENT AMOUNT |
|---|---|---|---|
| | | | |
| | | | |

## 11. UNSECURED CLAIMS

Allowed non-priority unsecured claims shall be paid through the distribution of the debtor's chapter 13 plan at a rate of ___58_____%, or pro rata participation in a "POT" Plan of $_____ for the benefit of unsecured creditors, or until all allowed claims are paid in full. If this proposed dividend to unsecured creditors is less than 100%, debtors propose to pay to the Trustee all projected disposable income for the applicable commitment period for the benefit of unsecured creditors as required by §1325(b).

## 12. OTHER PLAN PROVISIONS

(a)     **Lien Retention:** Allowed secured claim holders shall retain liens until liens are released or upon completion of all payments under this Plan.

(b)     **Vesting of Property of the Estate:**

_____ Property of the Estate shall revest in the Debtor(s) upon confirmation of the debtor's plan.
_____ Property of the Estate shall remain property of the estate subsequent to confirmation of this plan.

All property of the Estate whether it remains in the estate or revests with the debtor upon confirmation of the plan shall remain in the debtor's possession and control. The debtor shall have use of property of the estate, subject to the requirements of §363 of the Bankruptcy Code.

(c)     **Direct Payment by Debtor:** Secured creditors and lessors to be paid directly by the Debtor(s) may continue to mail to Debtor(s) the customary monthly notices or coupons notwithstanding the automatic stay.

**(d)      Other Provisions of the Plan Not Elsewhere Described:**

**NOTICE TO HOLDERS/SERVICERS OF CLAIMS SECURED BY REAL PROPERTY**

Confirmation of the plan shall impose a duty on the holders and/or servicers of claims secured by liens on real property to apply the payments received from the trustee on the pre-petition arrearages, if any, only to such arrearages; to apply the direct mortgage payments, if any, paid by the trustee or by the debtor to the month in which they were made under the plan or directly by the debtor, whether such payments are immediately applied to the loan or placed into some type of suspense account; to notify the trustee, the debtor and the attorney for the debtor of any changes in the interest rate for an adjustable rate mortgage and the effective date of the adjustment; to notify the trustee, the debtor and attorney for the debtor of any change in the taxes and insurance that would either increase or reduce the escrow portion of the monthly mortgage payment; and to otherwise comply with 11 U.S.C. Section 524(i). The mortgage account should be treated upon confirmation as if there was no prepetition default provided the debtor performs under the plan.

/s/JoshuaA.Addison
February 9, 2010

/s/James E. Walker III
February 9, 2010

/s/Richard D. Shinbaum
February 9, 2010